**In the Matter of Herman RESNICK d/b/a Fabulous Hermans, Debtor.**

**Jeanette TAVORMINA, Trustee, Plaintiff,**

**v.**

**Herman RESNICK, d/b/a Fabulous Hermans, Defendant.**

**Bankruptcy No. 79–01407–BKC–SMW. Adv. No. 80–0076–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

June 10, 1980.

Arthur Weitzner, Miami, Fla., for plaintiff.

Jeffrey M. Hagen, Miami, Fla., for defendant.

## FINDINGS AND CONCLUSIONS

SIDNEY M. WEAVER, Bankruptcy Judge.

This is a matter concerning objections to the discharge of a natural person, pursuant to § 727 of the United States Bankruptcy Code. The Plaintiff is the duly qualified and acting Trustee of the Debtor and the Defendant is the Debtor. The Complaint upon which this matter was tried was brought on two grounds as follows:

A. That the Debtor concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information including books, documents, records and papers from which the Debtor's financial condition or business transactions might be ascertained and such act, or failure to act, is not justified under all the circumstances of the case; and

B. The Debtor has failed to explain the loss of assets or deficiency of assets sufficient to meet the Debtor's liabilities.

The Debtor answered generally denying these allegations. The facts are as follows:

This matter was commenced as an involuntary proceeding brought by various Creditors on November 26, 1979. Relief was ordered without objection on December 26, 1979.

The evidence discloses that the Debtor, HERMAN RESNICK, was engaged as a general merchandiser in the Opa Locka area for some twelve years prior to the commencement of this matter. The Debtor's personal income tax records for the years 1976, 1977 and 1978, disclose that the Debtor had approximate annual sales, resulting from this business, of $145,000.00 with the approximate cost of the merchandise sold being in the amount of $105,000.00. The Debtor's average net income, after payment of other business expenses, was approximately $10,000.00 per year.

During the year 1979, the Debtor's bank account, to which, he testified, all proceeds of sales were deposited, reflects the sales of $416,000.00. The cancelled checks disclose that the majority of the money deposited was paid to Creditors. In addition to the monies that were paid, there remained scheduled unpaid Creditors in the amount of $523,016.67.

From the foregoing, it is clear and conclusive that there is a dissipation of assets of approximately $500,000.00.

The Debtor has no records other than his invoices, bank statements and cancelled checks. There is no general ledger or other books and records available to show the disposition of this inventory.

In addition, when called to explain the disposition of this property by the Plaintiff, the Debtor replied that he cannot remember what took place during the last year of business. The Debtor appears to be disoriented due to his advancing years, various illnesses and the recent death of his wife. The Debtor has not been formally declared incompetent or unable to manage his affairs.

Although the Court has compassion for the Debtor, in regards to his personal problems, the overriding reality of what actually happened, in this matter, leads the Court to conclude that the Debtor should be denied a discharge.

The foregoing facts clearly show that the Debtor, a man of advancing years and in-

creasing disability, intentionally increased his inventory and purchases to the point where they were equal to the sum of $1,000,000.00 per year. During this time and with the same basic overhead that had been carried for many years prior thereto, the Debtor proceeded to "lose" some half a million dollars. A loss of this magnitude cannot be permitted to go unaccounted for nor unexplained. It appears to the Court that the Debtor practiced a fraudulent scheme and that the failure of the business known as FABULOUS HERMANS was an intentional and deliberate business failure. Accordingly, the Court concludes that under the facts of the entire case, the Debtor failed to preserve books and records of account, which finding is sufficient to sustain an objection to the discharge of the Debtor. A separate Judgment will be entered in accordance with these Findings and Conclusions.